UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-21528-CV-WILLIAMS

ADAN UMANA RAMOS,

    Petitioner,

v.

CHARLES PARRA, *et al.*,

    Respondents.

_____/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Adan Umana Ramos ("***Petitioner***") (DE 1). For the reasons set forth below, the Petition (DE 1) is **GRANTED**.

    **I.**    **FACTUAL BACKGROUND**

Petitioner is a citizen of Honduras. (DE 1 ¶ 9). On February 27, 2018, he entered the United States. (DE ¶ 1). Petitioner was detained for a few days at the border, and the Department of Homeland Security ("***DHS***") served him with a Notice to Appear ("***NTA***") in person on March 1, 2018. (*Id.*). Petitioner subsequently filed an application for asylum and showed up to the necessary proceedings. (DE ¶ 2).

Since his entry to the United States, Petitioner has resided in Key West, Florida with his wife and four children. (DE ¶ 26). Petitioner does not have a criminal record. (DE ¶ 4). Nonetheless, on January 17, 2026, U.S. Immigration and Customs Enforcement ("***ICE***") encountered Petitioner as he was leaving a church service and took him into custody. (DE ¶ 2). Petitioner is currently detained at Krome North Processing Center, and

he now seeks habeas relief, arguing that his continued detention without a bond hearing is unlawful. (DE ¶ 35).

## II.  LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

Respondents do not contest jurisdiction.[1] Accordingly, the Court proceeds to the merits of the Petition.

### A.  *Relevant Immigration Statutes*

There are three statutes that govern the detention of noncitizens: 8 U.S.C. §§§ 1225, 1226, and 1231. Section 1231 provides for the detention of noncitizens who have been ordered removed, including individuals in withholding-only proceedings. Because Petitioner has not yet been ordered removed, Section 1231 does not apply. Accordingly, the Court begins with an analysis of 8 U.S.C. §§ 1225 and 1226.

---

[1] Indeed, Respondents filed an "abbreviated response . . . in lieu of a formal responsive memorandum of law." In its abbreviated response, Respondents focus their arguments on the fact that "Petitioner is subject to mandatory detention under § 1225(b)." (DE 5 at 2).

i.  **8 U.S.C. § 1225**

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[2] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Moreover, "Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such non-citizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if the non-citizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the non-citizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings,* 583 U.S. at 287. Non-citizens covered under § 1225(b)(2) are detained for

---

[2] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas § 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285-89.

removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii. 8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. With this background in mind, the Court now analyzes which statute applies to Petitioner.

### B. *Whether § 1225 or § 1226 Applies*

The primary issue before the Court is whether § 1225 or § 1226 governs Petitioner's detention. Respondents argue that Petitioner is mandatorily detained under § 1225. The Court disagrees.

As a threshold matter, this is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) ("[This case] requires the Court to decide whether § 1226(a) or § 1225(b)(2)(A) applies to [Petitioner]. To answer the question, the Court must determine how the two sections interplay with one another. . . . Ultimately, the issue boils down to a matter of statutory interpretation. And matters of statutory interpretation belong

historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sep. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *See Gomes,* 2025 WL 1869299, at *8 n.9 ("[T]o the extent . . . the BIA would conclude that Gomes is subject to mandatory detention under Section 1225(b)(2), this Court respectfully disagrees with that conclusion. Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

This Court and countless others have uniformly rejected the Government's expansive interpretation of § 1225.[3] *See e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, DE 41, (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for

---

[3] The Court recognizes the Fifth Circuit's recent, divided opinion in *Victor Buenrostro-Mendez v. Bondi, et al.*, which runs contrary to the legion of lower court decisions cited in this Order. No. 25-20496, 2026 WL 323330 (5th Cir. 2026). However, the Fifth Circuit's decision is not binding on this Court. *Carmichael v. United States*, No. 19-12298, 2022 WL 908943, at *3 (11th Cir. 2022) ("The decisions of other circuit courts are not binding on district courts within this Circuit."). Moreover, as Judge Douglas sets forth in her dissent, the majority opinion ignores the fact that the Government's "newly discovered mandate arrives without historical precedent . . . [and the fact that] the overwhelming majority of courts in [the Fifth Circuit] and elsewhere have recognized that the government's position is totally unsupported . . . [and] ignore[s] the Supreme Court's clearly stated understanding of the statutory scheme[.]" *Id.* at 10. Accordingly, without Eleventh Circuit guidance, this Court will not adopt the Government's expansive reading of § 1225.

Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Harsh Patel v. Crowley*, No. 25-11180, 2025 U.S. Dist. LEXIS 209958, at *9–12 (N.D. Ill. Oct. 24, 2024); *Esquivel-Ipina v. Larose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, at *9–12 (C.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 25-cv-1131, 2025 U.S. Dist. LEXIS 209629, at *14–17 (W.D. Mich. Oct. 24, 2025); *Lopez v. Hyde*, 25-12680, 2025 U.S. Dist. LEXIS 209916, at *4–5 (D. Mass. Oct. 24, 2025); *Guerra v. Joyce*, No. 25-cv-00534, 2025 WL 2986316, at *3 (D. Me. Oct. 23, 2025); *Lomeu v. Soto*, 25-cv-16589, 2025 WL 2981296, at *7–8 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025); *Aparicio v. Noem*, 2025 U.S. Dist. LEXIS 208898, at *12–13 (D. Nev. Oct. 23, 2025); *Loa Caballero v. Baltazar,* No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Soto v. Soto,* No. 25-cv-16200, 2025 U.S. Dist. LEXIS 207818, at *16–19 (D.N.J. Oct. 22, 2025); *Garcia v. Noem*, 25-cv-02771, 2025 U.S. Dist. LEXIS 209286, at *10–15 (C.D. Cal. Oct. 22, 2025); *Aguiar v. Moniz*, No. 25-cv-12706, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); *Rivera v. Moniz*, 25-cv-12833, 2025 WL 2977900, at *1–2 (D. Mass. Oct. 22, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-cv-12826, 2025 U.S. Dist. LEXIS 207162, at *22 (E.D. Mich. Oct. 21, 2025); *Maldonado de Leon v. Baker*, No. 25-3084, 2025 WL 2968042, at *7 (D. Md. Oct. 21, 2025); *Casio-Mejia v. Raycraft*, No. 25-cv-13032, 2025 U.S. Dist. LEXIS 207165, at *12, 16–17 (E.D. Mich. Oct. 21, 2025); *Miguel v. Noem*, 25-11137, 2025

WL 2976480, at *6 (N.D. Ill. Oct. 21, 2025); *Pineda v. Simon*, No. 25-cv-01616, 2025 WL 2980729, at *2 (E.D. Va. Oct. 21, 2025); *Matheus Araujo DA Silva v. Bondi*, No. 25-cv-12672, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025); *Barahona v. Hyde*, No. 25-cv-12551, 2025 U.S. Dist. LEXIS 205964, at *4–5 (D. Mass. Oct. 20, 2025); *H.G.V.U. v. Smith,* No. 25-cv-10931, 2025 WL 2962610, at *4–6 (N.D. Ill. Oct. 20, 2025); *Gonzalez v. Hyde*, No. 25-8250, 2025 U.S. Dist. LEXIS 208578, at *10–11 (S.D.N.Y. Oct. 19, 2025); *Polo v. Chestnut*, No. 25-cv-01342, 2025 WL 2959346, at *11 (E.D. Cal. Oct. 17, 2025); *Sanchez v. Minga Wofford, Warden, Mesa Verde Immigr. Processing Ctr.*, No. 25-cv-01187, 2025 WL 2959274, at *3 (E.D. Cal. Oct. 17, 2025); *Gutierrez v. Juan Baltasar, Warden, Denver Cont. Det. Facility*, No. 25-cv-2720, 2025 U.S. Dist. LEXIS 208448, at *12–27 (D. Colo. Oct. 17, 2025); *Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *4–6 (W.D. Mich. Oct. 17, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879, at *1 (D. Mass. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, 25-cv-13056, 2025 WL 2978529, at *6–9 (E.D. Mich. Oct. 17, 2025); *Diaz Sandoval v. Raycraft*, No. 25-cv-12987, 2025 WL 2977517, at *6–9 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, No. 25-cv-13073, 2025 WL 2952796, at *6–8 (E.D. Mich. Oct. 17, 2025); *Ochoa v. Noem*, No. 25-10865, 2025 WL 2938779, at *4–6 (N.D. Ill. Oct. 16, 2025); *Hernandez v. Crawford*, No. 25-cv-01565, 2025 WL 2940702, at *2 (E.D. Va. Oct. 16, 2025); *Piña v. Stamper*, No. 25-cv-00509, 2025 WL 2939298, at *3 (D. Me. Oct. 16, 2025); *Tut v. Noem*, No. 25-cv-02701, 2025 U.S. Dist. LEXIS 204616, at *9 (C.D. Cal. Oct. 16, 2025); *Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630, at *8 (N.D. Cal. Oct. 15, 2025); *Teyim v. Perry*, No. 25-cv-01615, 2025 WL 2950184, at *2–3 (E.D. Va. Oct. 15, 2025); *Singh v. Lyons*, 25-cv-01606, 2025 WL 2932635, at *2–3 (E.D. Va. Oct. 14, 2025); *Alejandro v.*

*Olson*, 25-cv-02027, 2025 WL 2896348, at *7–9 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, No. 25-00379, 2025 U.S. Dist. LEXIS 206547, at *21 (D. Haw. Oct. 10, 2025); *Chavez v. Kaiser*, No. 25-cv-06984, 2025 WL 2909526, at *5 (N.D. Cal. Oct. 9, 2025); *Donis v. Chestnut*, No. 25-01228, 2025 WL 287514, at *11 (E.D. Cal. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *3 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. 25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170, at *5 (M.D.N.C. Oct. 7, 2025); *Gonzalez v. Bostock*, 25-cv-01404, 2025 WL 2841574, at *3–4 (W.D. Wash. Oct. 7, 2025); *Hyppolite*, 2025 WL 2829511, at *12; *Artiga v. Genalo*, No. 25-5208, 2025 WL 2829434, at *7 (E.D.N.Y. Oct. 5, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07826, 2025 WL 2822876, at *15 (N.D. Cal. Oct. 3, 2025); *Orellana v. Moniz*, 25-cv-12664, 2025 WL 2809996, at *5 (D. Mass. Oct. 3, 2025); *Elias Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025); *Silva v. United States Immigr. & Customs Enf't*, No. 25-cv-284, 2025 U.S. Dist. LEXIS 191101, at *6–7 (D.N.H. Sep. 29, 2025); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *10 (D. Me. Sep. 29, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910, at *4 (E.D. Cal. Sep. 23, 2025); *Chogllo Chafla v. Scott*, Nos. 25-cv-00437, 25-cv-00438, 25-cv-00439, 2025 WL 2688541, at *6–9 (D. Me. Sep. 22, 2025); *Barrera v Tindall*, No. 25-cv-541, 2025 WL 2690565, at *5 (W.D. Ky. Sep. 19, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025 WL 2650637, at *6–8 (N.D. Cal. Sep. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-06924, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Lopez Santos v. Noem*,

No. 3:25-cv-01193, 2025 WL 2642278, at *3–5 (W.D. La. Sep. 11, 2025); *Jimenez v. FCI Berlin*, No. 25-cv-326, 2025 WL 2639390, at *5–10 (D.N.H. Sep. 8, 2025); *Doe v. Moniz*, 25-cv-12094, 2025 WL 2576819, at *5 (D. Mass. Sep. 5, 2025); *Garcia v. Noem*, No. 25-cv-01180, 2025 WL 2549431, at *5–7 (S.D. Cal. Sep. 3, 2025); *Francisco v. Bondi*, No. 25-cv-03219, 2025 WL 2629839, at *2–4 (D. Minn. Aug. 29, 2025); *Lopez-Campos v. Raycraft*, No. 25-cv-12486, 2025 WL 2496379, at *5–8 (E.D. Mich. Aug. 29, 2025); *Diaz v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610, at *3 (D. Mass. Aug. 27, 2025); *Kostak v. Trump*, No. 25-1093, 2025 WL 2472136, at *2–3 (W.D. La. Aug. 27, 2025); *Benitez v. Noem*, No. 25-cv-02190, 2025 U.S. Dist. LEXIS 171945, at *8–12 (C.D. Cal. Aug. 25, 2025); *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *11–13 (D. Mass. Aug. 19, 2025); *Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *11–12 (D. Minn. Aug. 15, 2025); *dos Santos v. Noem*, 25-cv-12052, 2025 WL 2370988, at *6–8 (D. Mass. Aug. 14, 2025); *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4–9 (S.D.N.Y. Aug. 13, 2025); *Rosado v. Figueroa*, No. 25-12157, 2025 WL 2337099, at *6–11 (D. Ariz. Aug. 11, 2025) *report and recommendation adopted by*, 2025 WL 2349133 (Aug. 13, 2025); *Bautista v. Santacruz*, No. 25-cv-01873, 2025 U.S. Dist. LEXIS 171364, at *13–16 (C.D. Cal. July 28, 2025); *Martinez v. Hyde*, No. 25-11613, 2025 WL 2084238, at *5–9 (D. Mass. July 24, 2025); *Gomes*, 2025 WL 1869299, at *5–8; *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256–61 (W.D. Wash. 2025). The Court finds no reason to depart from these decisions here.

Because Petitioner is detained under § 1226, he is entitled to an individualized bond hearing before an immigration judge.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **GRANTED**.

2. Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **March 19, 2026**, or otherwise release Petitioner.

3. Respondents shall file a notice with the Court on or before **March 20, 2026,** confirming and detailing their compliance with this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this <u>13th</u> day of March, 2026.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE